IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Paul Harris,                    :

    Plaintiff,              :

  v.                            :   Case No. 2:09-cv-691

BNP Paribas,                    :   JUDGE GRAHAM

    Defendant.              :

## OPINION AND ORDER

This case is before the Court to consider the motion to transfer venue filed by defendant BNP Paribas pursuant to 28 U.S.C. §1404(a). The motion has been fully briefed. For the following reasons, the motion (#9) will be denied.

### I. Background

Plaintiff Paul Harris filed this employment action seeking recovery of a bonus he alleges was due him under his employment agreement with Paribas. Mr. Harris worked for Paribas from 2006 through 2009. According to the complaint, Mr. Harris earned a bonus for work performed in 2008, but Paribas failed to pay him his bonus when his job was eliminated in early 2009. He asserts six state law claims including breach of contract, promissory estoppel, unjust enrichment, fraud, bad faith and a violation of O.R.C. §1335.11. Mr. Harris originally filed suit in the Franklin County Court of Common Pleas on June 25, 2009. Paribas filed a notice of removal to this Court on August 6, 2009, based on the parties' diversity of citizenship.

### II. 28 U.S.C. §1404(a)

The general principles relating to a transfer of venue under 28 U.S.C. §1404(a) have been extensively discussed in various Court of Appeals and District Court

decisions within the Sixth Circuit.  The purposes of transferring a case from one federal district to another, where venue is proper in each, are to permit access to proof with greater ease, to allow witnesses to attend a trial, to enhance enforceability of any judgment rendered, and otherwise to permit a transfer when to do so would further the goal of a fair and efficient trial and remove any obstacles thereto.  <u>Holiday Rambler Corp. v. American Motors Corp</u>., 254 F.Supp. 137 (W.D.Mich. 1966).  Providing for a change of venue allows the Court to prevent unnecessary waste of time, energy and money and to protect witnesses and the public against unnecessary inconvenience and expense.  <u>Rowe v. Chrysler Corp.</u>, 520 F.Supp. 15 (E.D.Mich. 1981).

However, when balancing those various factors, the Court does not start with the assumption that the case should proceed in whichever forum is slightly more advantageous to the parties or the witnesses.  Rather, it has long been held that the plaintiff's choice of a forum is entitled to considerable weight, and, consequently, the party moving for a change of venue must demonstrate that the interests served by 28 U.S.C. §1404(a) clearly favor a change of venue.  <u>Sun Oil Co. v. Lederle</u>, 199 F.2d 423 (6th Cir. 1952); <u>International Union of Electrical Radio and Machine Workers v. United Electrical, Radio and Machine Workers of America</u>, 192 F.2d 847 (6th Cir. 1951); <u>Nicol v. Koscinski</u>, 188 F.2d 537, 537 (6th Cir. 1951); <u>Central Investment Corp. v. Mutual Leasing Associates, Inc.</u>, 523 F.Supp. 74 (S.D.Ohio 1981); <u>see also U.S. v. Cinemark USA, Inc.</u>, 66 F.Supp.2d 881 (N.D.Ohio,1999).  Of course, although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." <u>Lewis v. ACB Business Services, Inc.</u>, 135 F.3d 389, 413

(6th Cir. 1998). Nevertheless, unless it can be said that, balancing all appropriate factors, plaintiff's choice of a forum is "clearly...inconvenient," a change of venue should not be ordered. Texas Eastern Transmission Corp. v. Marine Office--Appleton & Cox Corp., 579 F.2d 561, 568 (10th Cir. 1978).

Typically, of course, where several fora are available in which to try a case, some inconvenience to one or more parties will exist no matter which forum is chosen. Consequently, if a change of venue serves merely to shift the inconvenience from the plaintiff to the defendant, a change of venue is improper. Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350 (E.D.Mich. 1970). Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to support a change of venue. Hartford Accident & Indemnity Co. v. Dalgarno Transportation, Inc., 618 F.Supp 1450 (S.D.Miss. 1985). Rather, the defendant must show a specific hardship involved in transporting documents to the plaintiff's chosen district, see AMF, Inc. v. Computer Automation, Inc., 532 F.Supp. 1335 (S.D.Ohio 1982); Richards v. Upjohn Co., 406 F.Supp. 405 (E.D.Mich. 1976), and must also show that witnesses (usually third party witnesses, rather than employees of the defendants) are unwilling to attend a trial in that forum. See Gdovin v. Catawba Rental Co., 596 F.Supp. 1325, 1327 (N.D.Ohio 1984); Weltmann v. Fletcher, 431 F.Supp. 448, 451 n.3 (N.D.Ohio 1976). The Court may also take into account other factors, including which party is more easily able to bear the hardship involved in litigating in a distant forum, Garrett v. Ruth Originals Corp., 456 F.Supp. 376 (S.D.Ohio 1978), where the conduct underlying the plaintiff's claims occurred, the comparative

3

docket congestion in the districts under consideration, and the plaintiff's connection, if any, with the proposed transferee forum.  See Nicol v. Koscinski, supra; Artisan Development v. Mountain States Development Corp., 402 F.Supp. 1312 (S.D.Ohio 1975).  The instant motion for a change of venue will be decided with reference to these principles.

### III.  The Motion to Transfer

Paribas contends that this case should be transferred to the Southern District of New York, or in the alternative, the Northern District of Illinois.  It bases its motion on the facts set forth in the affidavits of Karen Mahoney and Curtis Price.  Those facts can be summarized as follows.

Paribas maintains its principal place of business in New York.  Its primary U.S.-based Human Resources Department is located there.  All decisions relating to Mr. Harris' compensation were made by the offices in New York or Paris.  Mr. Harris interviewed with and was employed by Paribas' Chicago office.  His offer letter was issued by the New York office.  At the time of his hire, Mr. Harris received a copy of the discretionary bonus policy contained in the employee handbook drafted by New York personnel.  Mr. Harris reported to a managing director in the Chicago office.  Employee compensation records are maintained in New York.  The decision to terminate Mr. Harris' employment and to not pay him a bonus was made by corporate executives in New York and Chicago.  Only six of the twenty-seven clients Mr. Harris had responsibility for were located in Ohio.  In 2008, these six Ohio clients generated $3.6 million dollars in revenue which represents 13% of the total revenue Mr. Harris generated for Paribas.

Mr. Harris objects to the transfer of venue for the following reasons as set forth in his affidavit.  At all times relevant, Mr. Harris has been a resident of Powell, Ohio.  He was

4

a commercial banker for JP Morgan Chase when Paribas recruited him for a position in its Chicago office.  He negotiated the terms of his employment with Paribas primarily by phone from Ohio.  The parties agreed that Mr. Harris could work from his home in Ohio rather than relocate to Illinois.  Paribas provided Mr. Harris' computer for his home office and paid his home office expenses.  During his time with Paribas, Mr. Harris performed the majority of his job duties in Ohio and spent little time in Chicago and almost no time in New York.  Mr. Harris has been unemployed since his termination and requiring him to litigate in either Illinois or New York would be a tremendous financial burden to him.

IV.  <u>Analysis</u>

At the outset, the Court notes that Paribas has not moved for dismissal of this action for improper venue under 28 U.S.C. §1406 and that its motion for a transfer of venue pursuant to 28 U.S.C. §1404(a) has not been presented as an alternative to dismissal.  Instead, Paribas simply has moved for a transfer of venue pursuant to 28 U.S.C. §1404(a).  Consequently, the Court does not construe Paribas' motion as disputing that venue is proper in this district, despite some suggestion to the contrary in its memorandum in support.  At the same time, Mr. Harris does not challenge Paribas' position that venue is proper in either the Southern District of New York or the Northern District of Illinois.  The Court agrees that venue would be proper in any of the three districts advocated by the parties.  Consequently, the Court will proceed to consider the factors weighed by courts under §1404(a).

Paribas asserts that all of the litigants' interest factors weigh in favor of transfer.  Specifically, Paribas argues that the parties' residence, convenience of the witnesses, access to proof, and the location of the events giving rise to Mr. Harris'

5

claim all support a transfer of venue.  Further, Paribas contends that Mr. Harris' choice of forum is not entitled to significant weight here nor is there any evidence that Mr. Harris would be significantly financially disadvantaged by being required to litigate in a forum other than Ohio.  Mr. Harris disputes that any of these factors weigh in favor of transfer.

Turning first to Mr. Harris' choice of forum, generally such choice is given considerable weight.  In this case, however, Mr. Harris did not choose this forum having filed this case originally in state court.  Consequently, Mr. Harris' choice of forum is entitled to somewhat less weight because this case was removed from the Franklin County Court of Common Pleas.  See <u>Sky Technology Partners, LLC v. Midwest Research Institute</u>, Case No. 2:00-cv-719 (S.D. Ohio Dec. 21, 2000).

Paribas, with its principal place of business in New York City, resides in the Southern District of New York.  Mr. Harris resides in Powell, Ohio, a Columbus suburb, located in the Southern District of Ohio.  Prior to his termination, Mr. Harris worked as an employee of Paribas out of his home office in Powell, Ohio.  Consequently, this factor does not favor either side.

With respect to witnesses, Paribas asserts that the only witness located in Ohio is Mr. Harris and that all the other witnesses are located in New York, Chicago, and perhaps Paris.  All of Paribas' witnesses are employees with the exception of Wendy Breuder, former co-head of the Chicago office, who is an Illinois resident.  Paribas claims that the fact that its one non-employee witness resides in Illinois weighs in favor of the transfer of this action to the Northern District of Illinois.  However, regardless of the venue, some of Paribas' witnesses will be required to travel.  Further, Paribas has not demonstrated that Ms. Breuder would be unable or unwilling to attend a trial

in Ohio.  Moreover, if the Court were to transfer this case to the Southern District of New York as Paribas urges, presumably Ms. Breduer's cooperation in attending a trial there would be required as well.  Additionally, with respect to the employee witnesses, they appear to be top level executives, most likely accustomed to traveling.  Under these circumstances, the Court is not convinced that any of Paribas' witnesses would be significantly inconvenienced by being required to travel to Ohio.  Consequently, this factor does not weigh in favor of transfer.

Along this same line, the Court believes that Paribas is in a far better position to bear the cost of litigating this action in Ohio than Mr. Harris would be in being required to litigate in either New York or Illinois.  To the extent that Paribas contends that Mr. Harris has not substantiated his financial position with any documentation, the Court finds such detail unnecessary here.  Mr. Harris has stated by affidavit that he has remained unemployed since his termination from Paribas in early 2009 and is responsible for supporting his wife and five minor children.  See Harris Affidavit at ¶¶ 10 and 11.  Paribas provides no evidence to the contrary.  Under these circumstances, it does not strike the Court as unreasonable to view Mr. Harris' financial situation as less favorable than that of Paribas.  This factor does not weigh in favor of transfer.

With respect to access to sources of proof, Paribas contends that documents relating to the discretionary bonus, compensation, and termination decisions are located in New York.  Further, it asserts that all information relating to the employee handbook or company policies are located in New York.  Additionally, it claims that all information regarding Mr. Harris' revenue generation is located in New York and Chicago.  Paribas does not contend, however, that it would be forced to incur undue expense in transporting any of this information to Ohio.  Further, the

Court does not believe that the documentary proof in this case will be particularly voluminous or that it could not be placed into electronic format (if it does not exist in that format already), thus reducing or eliminating any burden of transporting it from place to place. As a result, this factor does not weigh in favor of transfer.

Turning to the location of the events giving rise to Mr. Harris' claims, Mr. Harris negotiated the terms of and executed his employment agreement from Ohio. Under the terms of his employment contract, he worked from his home office in Ohio. The damage he has suffered as a result of the alleged breach has been experienced by him in Ohio. On the other hand, all actions taken by Paribas with respect to the negotiation and execution of the employment agreement or any decisions relating to Mr. Harris' compensation occurred in New York, Chicago, or Paris. This factor does not favor either party.

Paribas also contends that all public interest factors favor a transfer of venue. According to Paribas, docket congestion issues weigh in favor of transfer to the Northern District of Illinois. Further, Paribas contends that New York or Illinois law applies to Mr. Harris' contract and fraud claims. To the contrary, Mr. Harris contends that Ohio's local interest in deciding this matter weighs against a transfer of venue and that Ohio law applies.

With respect to the choice of law analysis, both parties agree that they have not fully briefed the issue and, therefore, are not seeking the Court's determination of which state's law governs. From Paribas' perspective, they are raising the issue now only to demonstrate that Ohio law does not govern and that this factor weighs in favor of transfer.

While mindful of the parties' position, for purposes of the current venue motion only, the Court will address the choice of

law issue as it relates to Mr. Harris' breach of contract claim. Under Ohio law, when the parties have not contracted to apply a particular state's laws, the choice of law determination should be made based on the law of the state with the most significant relationship to the contract. Sky Technology Partners, supra. Ohio courts have adopted the test set forth in the Restatement (Second) of Conflicts §188 to determine which state has the more significant relationship. That section provides that various factors are to be considered when determining the law applicable to a contract claim including (a) the place of contracting; (b) the place of negotiations; (c) the place of performance; (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. Id.

As previously noted, the contract was prepared by Paribas in New York but executed by Mr. Harris in Ohio. Both parties assert that contract negotiations took place over the phone and, as a result, this factor is entitled to little weight. However, Paribas contends that to the extent any face-to-face negotiations occurred, they occurred in Chicago. With respect to the place of performance, Mr. Harris argues that much of his performance was rendered in Ohio and that this fact supports the application of Ohio law. To the contrary, Paribas contends that the only issue in this case is its alleged failure to pay Mr. Harris' bonus and any decision regarding that would have occurred in New York. To the extent performance of the contract is at issue, Paribas asserts that because Mr. Harris reported to the Chicago office, the performance of his employment agreement would have occurred in Illinois. Both parties agree that the subject matter of the contract is money. Paribas contends that any money was paid from its New York office such that New York law must apply. Mr. Harris argues that, because his claim arises out of Paribas'

9

failure to pay him in Ohio, Ohio law should apply.  As discussed above, Paribas maintains its principal place of business in New York and, at all times relevant, Mr. Harris has been a resident of Ohio.

Several of these factors as currently presented do not favor one venue location over another.  However, the place of performance of the contract may.  Paribas came into Ohio to recruit Mr. Harris, entered into an employment agreement that allowed him to work from his home in Ohio, provided financial support for his Ohio home office, and paid him in Ohio.  Consequently, the Court cannot conclude, based on the current record, that Paribas has demonstrated that Ohio law does not govern Mr. Harris' contract claim such that transfer is favored.

With respect to Mr. Harris' fraud claim, it derives from tort law so Ohio's choice of law rules for tort actions apply.  The factors to be considered include (a) where the plaintiff acted in reliance upon the defendant's representations; (b) where plaintiff received the representations; (c) where the defendant made the representations; (d) the domicile, residence, nationality, place of incorporation and place of business of the parties; (e) where a tangible thing which is the subject of the transaction between the parties was situated at the time, and (f) where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.  Sky Technology Partners, supra, citing Restatement (Second) of Conflict of Laws §148(2).

Arguments similar to those relating to the contract claim have been made by the parties with respect to the choice of law applicable to Mr. Harris' tort claim.  As with the contract claim, some of the factors, as currently presented, do not favor one venue location over another.  However, again, as with the contract claim, at least some of the factors, including the place

of performance, may favor Ohio.  Consequently, the Court cannot conclude, as the record currently stands, that Ohio law is inapplicable such that transfer is favored.

With respect to the issue of docket congestion, Paribas contends, based on 2008 statistics, that this factor weighs in favor of transferring this case to the Northern District of Illinois because it has fewer pending cases and resolves them more quickly.  Mr. Harris has not addressed this issue nor has the Court endeavored to verify Paribas' statistics.  Even assuming, however, that Paribas' information is accurate, in light of all the other factors, this factor standing alone does not warrant a transfer of venue.  Further, the Court is confident of its ability to dispose of this case promptly once the parties have completed discovery.

In summary, the Court finds that the majority of factors considered do not weigh in favor of a transfer.  Consequently, the motion to transfer venue will be denied.

## V.  Disposition

For the foregoing reasons, the motion to transfer venue (#9) is DENIED.

                                      s/ James L. Graham
                                      JAMES L. GRAHAM
                                      United States District Judge